UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL MANNING, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:15-CV-1551 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Michael Manning to alter or amend judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The United States has not filed a response, and the time allowed for doing so has expired.

On April 20, 2017, the Court entered an order denying Manning's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Court determined that Manning had not substantiated his claims of ineffective assistance of counsel and error in admitting certain evidence and, therefore, he was not entitled to relief. Manning now seeks relief from that order pursuant to Rule 59(e).

Motions filed under Rule 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Thus, a Rule 59(e) movant must show "1) an intervening change in controlling law; 2) the availability of new evidence not available previously; or 3) the need to correct a clear error of law or prevent manifest injustice." *Bannister v. Armontrout*, 807 F.Supp 516, 556 (W. D. Mo. 1991), *aff'd*, 4 F.3d 1434 (8th Cir. 1993). A motion to alter or amend

is not the vehicle for raising arguments that could and should have been made before the entry of judgment. *In re General Motors Corp. Anti-Lock Brake Products Liability Lit.*, 174 F.R.D. 444, 446 (8th Cir. 1997); *Garner v. Arvin Industries, Inc.*, 77 F.3d 255, 258 (8th Cir. 1996).

In the instant motion, Manning raises legal and factual arguments that he could have presented earlier. He makes no claim of newly-discovered evidence, but instead seeks to re-litigate issues that have already been considered by the Court. Further, Manning has not shown any change in the law since the denial of his motion to vacate nor has he identified any clear error of law in the Court's ruling on the motion. Consequently, the Court concludes that Manning is not entitled to relief under Rule 59(e).

Accordingly,

**IT IS HEREBY ORDERED** that the motion to alter or amend judgment [Doc. # 16] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2017.